**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mariah Finfrock, | No. CV-23-00998-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Yuma Regional Medical Center, | |
| Defendant. | |

On August 14, 2024, Defendant Yuma Regional Medical Center filed its first motion to dismiss for lack of prosecution. (Doc. 22.) The deadline for Plaintiff Mariah Finfrock to file a response expired without a response being filed. On September 4, 2024, the court ordered Finfrock to file a response. Finfrock did so and argued dismissal was not merited because she had responded to all "discovery requests, albeit late." (Doc. 24 at 1.) Finfrock's counsel stated the delays had been a result of "improperly calculating deadlines and failing to manage time appropriately" on his behalf and he requested those failures not be imputed to Finfrock. (Doc. 24 at 2.) Yuma Regional's reply conceded Finfrock had recently served discovery responses but argued the responses were "deficient in numerous ways." (Doc. 25 at 1.)

On October 1, 2024, the court noted Finfrock's discovery responses appeared inadequate. (Doc. 27 at 1.) The court also noted dismissal for failure to prosecute is a possible sanction, but appropriate "only in extreme circumstances." (Doc. 27.) Thus, the court concluded Finfrock would "be given a limited time to establish she wishes to pursue

her claims." (Doc. 27 at 2.) To confirm she planned to pursue her claims, the court ordered Finfrock to "provide complete discovery responses within two weeks of this order and sit for her deposition no later than November 8, 2024." (Doc. 27 at 2.)

Finfrock's deadline to provide complete discovery responses was October 15, 2024. Finfrock did not provide responses, nor did she contact Yuma Regional to provide an explanation for her failure. On October 18, 2024, Yuma Regional filed its second motion to dismiss for failure to prosecute. (Doc. 29.) That second motion also requests monetary sanctions pursuant to Fed. R. Civ. P. 37. The deadline for Finfrock's response to the second motion has not yet expired but the court provides the following analysis to establish what Finfrock must address if she wishes to avoid dismissal.

Dismissal is a harsh sanction appropriate only in extreme circumstances but ignoring discovery obligations and specific court orders is the type of behavior that may merit dismissal. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) ("[I]t is the responsibility of the moving party to move towards [disposition on the merits] at a reasonable pace, and to refrain from dilatory and evasive tactics.") In assessing whether dismissal is appropriate, the court must evaluate five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986). The present record shows three of those factors support dismissal while two do not.

Beginning with the public's interest in expeditious resolution of litigation, Finfrock's refusal to prosecute her claims is frustrating that interest. This case was filed in state court on March 27, 2023, and removed to federal court in June 2023. (Doc. 1 at 1.) Discovery commenced in October 2023, but Finfrock did not propound any discovery or take any depositions. Finfrock also refused to provide responses to most of Yuma Regional's discovery requests until Yuma Regional filed a motion pointing out Finfrock's failures. After that motion was filed, Finfrock provided inadequate discovery responses.

This case cannot progress to a resolution when Finfrock refuses to participate. The first factor supports dismissal.

Next, Finfrock's actions are frustrating the court's ability to manage its docket. The court has expended resources in reviewing the first motion to dismiss, directing Finfrock to respond to that motion after she failed to do so, and now must expend more resources to address additional failures. The court cannot manage its docket effectively when plaintiffs like Finfrock have little interest in resolving their claims.

The third factor supporting dismissal is the prejudice to Yuma Regional. Finfrock's failure to participate in discovery has prevented Yuma Regional from developing its defenses. In addition, Yuma Regional has incurred the cost of seeking relief from the court based on Finfrock's failures. It would be unjust to require Yuma Regional continue to incur the costs of litigation and the costs associated with compelling Finfrock to participate.

While three factors support dismissal, the factor addressing the preference for resolving cases on their merits weighs against dismissal. Of course, the case will never be resolved on its merits if Finfrock refuses to participate, so the factor has little weight. The only remaining factor requires the court consider lesser sanctions before resorting to dismissal. The lesser sanctions identified by Yuma Regional are monetary sanctions under Rule 37. When a party fails to comply with a court order regarding discovery, the court "must" order that party "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Based on the present record, Finfrock ignored the court's October 1 order requiring she provide additional discovery. Therefore, monetary sanctions likely would be permissible and may be preferable to dismissing this case.

In responding to the second motion to dismiss, Finfrock must provide a complete explanation for her failure to participate meaningfully in this litigation. If Finfrock has not already provided the complete responses required by the order issued on October 1, 2024, she must do so prior to filing her response. In addition, Finfrock must address whether she

should be ordered to pay Yuma Regional the reasonable expenses incurred because of her actions. If Finfrock does not believe monetary sanctions are merited, she must identify other alternative sanctions the court should consider imposing.

Accordingly,

**IT IS ORDERED** no later than **November 1, 2024**, Plaintiff shall file her opposition to the second motion to dismiss. Plaintiff must include evidence she has provided complete discovery responses.

Dated this 25th day of October, 2024.

Honorable Krissa M. Lanham
United States District Judge