**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mariah Finfrock, | No. CV-23-00998-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Yuma Regional Medical Center, | |
| Defendant. | |

Over the past three months the court has repeatedly tried to avoid dismissing this case for failure to prosecute. Unfortunately, plaintiff Mariah Finfrock and her counsel continued to engage in behavior preventing this case from proceeding to the merits. Given that behavior and prior warnings, dismissal is appropriate.

In July 2024, the parties filed a stipulation requesting permission to conduct Finfrock's deposition after the August 2, 2024, deadline. (Doc. 19.) That stipulation explained Finfrock had failed to respond to discovery requests propounded in March and June 2024, but the parties had conferred and Finfrock had agreed to provide responses by July 26, 2024. The court granted the stipulation but did not extend any other case management deadlines. (Doc. 20.)

On August 14, 2024, defendant Yuma Regional Medical Center filed a motion to dismiss for failure to prosecute. (Doc. 22.) That motion claimed Finfrock had not served any discovery requests, had not taken any depositions, and had not responded to Yuma Regional's discovery requests by the July 26 deadline the parties had agreed upon. (Doc.

22 at 2.) The deadline for Finfrock to respond to the motion to dismiss expired without Finfrock filing a response. The court ordered Finfrock to file a response, which she did. (Doc. 23, 24.)

According to Finfrock's response, she had recently provided responses to Yuma Regional's discovery requests; she conceded those responses were late. (Doc. 24 at 1.) Based on her belated discovery responses, Finfrock argued dismissal would be "contrary to the spirit of the Rules of Civil Procedure and the notion that all cases should be decided on the merits." (Doc. 24 at 2.) In its reply, Yuma Regional agreed Finfrock had served responses to the discovery requests immediately prior to filing her response to the motion, but those discovery responses were "deficient in numerous ways." (Doc. 25 at 1.)

In addressing the motion to dismiss for lack of prosecution, the court reviewed Finfrock's discovery responses and determined they appeared "inadequate." (Doc. 27 at 1.) Hoping to avoid imposing sanctions, the court granted Finfrock "a limited time to establish she wishes to pursue her claims." (Doc. 27 at 2.) To do so Finfrock was ordered to "provide complete discovery responses" no later than October 15, 2024, "and sit for her deposition no later than November 8, 2024." (Doc. 27 at 2.) The court explained Finfrock's failure to comply with those requirements would "result in sanctions and, given her past behavior, the sanction of dismissal may be appropriate at that time." (Doc. 27 at 2.) Shortly after that order Yuma Regional noticed Finfrock's deposition for November 1, 2024. (Doc. 28.)

On October 18, 2024, Yuma Regional filed another motion to dismiss for lack of prosecution. (Doc. 29.) That motion claimed Finfrock had not supplemented her discovery responses by the October 15 deadline. In addition, defense counsel had not had any contact with Finfrock or her counsel explaining that failure. Anticipating Finfrock might not respond to the second motion to dismiss, the court ordered Finfrock to do so. (Doc. 30.) The court also provided analysis meant to spur Finfrock into compliance. The court observed "ignoring discovery obligations and specific court orders is the type of behavior that may merit dismissal." (Doc. 30 at 2.) And the court went through the five-factor test

that must be applied before the sanction of dismissal can be imposed. As of the date that order issued, three factors supported dismissal while one factor—the preference for resolving cases on their merits—weighed against it. One factor was ambiguous: the possibility of imposing sanctions lesser than dismissal. The court identified monetary sanctions as a possible lesser sanction and ordered Finfrock's response to address the propriety of monetary sanctions. If Finfrock planned to argue monetary sanctions were not merited, she was ordered to "identify other alternative sanctions the court should consider imposing." (Doc. 30 at 4.)

The deadline for Finfrock to respond to the second motion to dismiss expired without any filing. Finfrock also failed to appear at her deposition on November 1, 2024. (Doc. 31.)

Discovery should have been completed months ago and the parties should be preparing dispositive motions or preparing for trial. (Doc. 12.) Finfrock's refusal to provide discovery responses or sit for her deposition has resulted in "unreasonable delay" and providing Finfrock additional time would only exacerbate that delay. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) ("A dismissal for lack of prosecution must be supported by a showing of unreasonable delay.").

The order issued on October 25, 2024, addressed most of the five-factor test that must be applied before ordering dismissal. That analysis is incorporated here. (Doc. 30 at 2-3 (discussing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986).) In brief, the interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to Yuma Regional continue to support dismissing this case. (Doc. 30 at 2-3.) The factor establishing a preference for resolution of the merits continues to weigh against dismissal but, given that Finfrock will not participate in discovery or obey court orders, there is no chance of proceeding to the merits. Finally, the factor regarding the possibility of lesser sanctions now also supports dismissal. Finfrock ignored the court order requiring she address whether monetary sanctions would be an appropriate lesser sanction. And even after the court's order making clear some form of sanctions was merited,

Finfrock failed to appear at her deposition. Given her behavior, it is unlikely Finfrock would pay any monetary sanctions. Thus, monetary sanctions would be futile and no other lesser sanction appears reasonable. Therefore, dismissal is appropriate.

Yuma Regional requested an award of monetary sanctions in addition to dismissal of the case. Those monetary sanctions may be permissible under numerous bases, including Federal Rule of Civil Procedure 37(d) or, now that Finfrock has failed to appear at her deposition, Federal Rule of Civil Procedure 30(g). If Yuma Regional wishes to pursue an award of monetary sanctions, it must file a separate motion identifying the legal basis for its request and, if attorneys' fees are requested, Yuma Regional must comply with Local Rule 54.2.

Accordingly,

**IT IS ORDERED** the Motions to Dismiss (Doc. 22, 29) are **GRANTED**. The Clerk of Court shall enter judgment of dismissal with prejudice and close this case.

**IT IS FURTHER ORDERED** if Yuma Regional wishes to pursue an award of monetary sanctions it must file a motion with supporting documentation within fourteen days of this order.

Dated this 19th day of November, 2024.

**Honorable Krissa M. Lanham**
**United States District Judge**

- 4 -