**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mariah Finfrock, | No. CV-23-00998-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Yuma Regional Medical Center, | |
| Defendant. | |

Defendant Yuma Regional Medical Center ("YRMC") fired plaintiff Mariah Finfrock after denying her a religious exemption to its vaccine mandate. (Doc. 1-3 at 3–4.) In March 2023, Finfrock filed this suit in state court alleging state and federal claims. (Doc. 1-3 at 4–6.) The case was removed to federal court and, in November 2024, dismissed for failure to prosecute. (Doc. 32.) Approximately six months later, Finfrock filed a motion to reopen arguing the dismissal was due to her former lawyer's health issues in the fall of 2024. Based on the arguments Finfrock presents, she is not entitled to relief.

**I.    Background**

This lawsuit was removed from state court on June 2, 2023, and the court later set August 16, 2024, as the deadline for all discovery. (Doc. 12.) YRMC issued discovery requests but Finfrock failed to respond to those requests for months and, when responses were provided months late, they were incomplete. The court issued multiple orders beginning in early September, attempting to spur Finfrock into participating in discovery and prosecuting her case. (Docs. 23, 27, 30.) One of these, issued October 1, 2024, noted

Finfrock's failure to participate in discovery and gave her "a limited time to establish she wishes to pursue her claims" to avoid dismissal by providing complete discovery responses and sitting for her deposition. (Doc. 27 at 1-2.) Finfrock's last response occurred September 13, 2024, and by November 2024, it was clear she was no longer responding to court orders. On November 20, 2024, the court dismissed the case for failure to prosecute. (Doc. 32.) On May 8, 2025, Finfrock filed a motion to reopen arguing her counsel's health problems at the time the case was dismissed qualified as "extraordinary circumstances" that merit reopening the case.

According to the motion to reopen, "beginning in early October 2024," Finfrock's counsel Lynn Goar "began suffering from an illness that affected both his physical health and mental aptitude . . . that caused him to be bedridden and unable to work." (Doc. 35 at 7.) Goar's illness allegedly prevented him from complying with this court's orders requiring the production of documents and that he respond to YRMC's final motion to dismiss. Although Goar was allegedly too ill to take any actions in this case, he was still participating—at least minimally—in other litigation during the fall and winter of 2024.

On October 3, 2024, Goar filed a complaint in the Pima County Superior Court on behalf of a different plaintiff. *See Marien v. City of Tucson*, Case No. C20245948 (Pima Cnty. Sup. Ct. 2024) (docket and settlement conference order) [https://perma.cc/UD66-DQ9Z]. And on December 4, 2024, Goar attended a status conference in a different case in this district. *See Gauthier v. Whirlpool Corporation*, 2:23-cv-02552-MTL, ECF No. 28. Goar later participated in the filing of a joint status report in that case. *See Gauthier v. Whirlpool Corporation*, 2:23-cv-02552-MTL, ECF No. 29. That joint status indicated Goar was experiencing health difficulties, and a new attorney would be appearing for the plaintiff. *Gauthier v. Whirlpool Corporation*, 2:23-cv-02552-MTL, ECF No. 29. Goar then attended a second status conference on December 13. *Gauthier v. Whirlpool Corporation*, 2:23-cv-02552-MTL, ECF No. 30. Although he was able to perform at least these limited actions in other cases, Goar did not take any actions regarding Finfrock's case.

According to Goar, he worked a total of 39.75 hours between October 1, 2024, and

March 31, 2025, mostly "trying to get all active cases transferred to other attorneys." (Doc. 35 at 25.) Goar does not specify when within that six-month timeframe he was able to work those hours. Nor does he explain why Finfrock's case was not one of those he tried to transfer to another attorney or why he did not devote any of the limited hours he worked to Finfrock's case. On March 24, 2025, Goar resigned from the law firm that was representing Finfrock at the time this case was dismissed and which continues to represent her today. (Doc. 35 at 10.) That same day, a new attorney at the law firm learned of Finfrock's case and a few months later filed a motion to reopen.

## II.   Legal Standard

A party moving for relief under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond [her] control that prevented [her] from proceeding with the action in a proper fashion." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006). The rule "is to be 'used sparingly . . . and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw*, 452. F.3d at 1103).

## III.   Analysis

Finfrock's briefing in connection with her motion to reopen is confusing, but her motion explicitly states she "does not seek relief based on any of the enumerated reasons in subsections (1) through (5) of Rule 60(b) as none apply to her set of facts." (Doc. 35 at 12.) Having established she seeks relief only under Rule 60(b)(6), Finfrock then recognizes such relief is merited in "extraordinary circumstances." (Doc. 35 at 12.)  Elsewhere, she expressly disavows seeking relief "based on extraordinary circumstances created by attorney gross negligence." (Doc. 39 at 6.) Those concessions leave Finfrock only to argue that "an attorney illness itself," although not amounting to gross negligence or total incapacity, "constitute[s] an 'extraordinary circumstance' for purposes of F.R.C.P. Rule 60(b)(6)." (Doc. 35 at 14.)[1] In other words, Finfrock argues "[t]his is not a case of excusable

---

[1] Finfrock states "attorney gross negligence is not excusable neglect and is therefore precluded from being offered as a reason for relief under Rule 60(b)(6)." (Doc. 39 at 8.) It

- 3 -

neglect nor gross negligence but one of extraordinary circumstances," based solely on Goar's not-fully-incapacitating illness. (Doc. 39 at 8.)

Having waived or forfeited all arguments other than non-incapacitating "attorney illness" under Rule 60(b)(6), Finfrock is not entitled to relief. *See United States v. Scott*, 705 F.3d 410, 415 (9th Cir. 2012) ("Waiver is the intentional relinquishment or abandonment of a known right, whereas forfeiture is the failure to make the timely assertion of [that] right.") (simplified); *see also Lender v. Unum Life Insurance Company of America*, 519 F. Supp. 2d 1217, 1219 (M.D. Fla. 2007) (plaintiff "affirmatively waived any argument of excusable neglect under Rule 60(b)(1)").

"An attorney's actions are typically chargeable to his or her client and do not ordinarily constitute extraordinary circumstances warranting relief from judgment under Rule 60(b)(6)." *Lal*, 610 F.3d at 524. Finfrock believes attorney illness that falls short of gross negligence should be an exception to this general rule. In support of this position, she cites federal district court cases from Florida and New York, as well as one opinion by the Second Circuit.[2] A review of those cases shows each either required the plaintiff personally show diligence despite counsel's failures—a showing Finfrock has not made—or analyzed the motion under a "gross negligence" standard—which Finfrock explicitly does not wish to pursue.

The three Florida district court cases Finfrock cites all involved attorney failures that led to the dismissal of the cases or claims. (*See* Doc. 35 at 17.) All three recognized the plaintiff needed to establish she had been diligent. In *Lender*, the plaintiff's case had been dismissed for failure to prosecute after plaintiff's counsel—who was allegedly in poor

---

is not entirely clear what Finfrock is attempting to argue because the test under Rule 60(b)(6) is not for "excusable neglect" but for "extraordinary circumstances." To the extent Finfrock is arguing gross negligence cannot support Rule 60(b)(6) relief, she is incorrect. "[A]n attorney's gross negligence resulting in dismissal with prejudice for failure to prosecute constitutes an 'extraordinary circumstance' under Rule 60(b)(6) warranting relief from judgment." *Lal v. Cal.*, 610 F.3d 518, 524 (9th Cir. 2010).
[2] Finfrock also cites numerous cases from Arizona state courts, relying particularly heavily on *Walker v. Kendig*, 489 P.2d 849 (Ariz. 1971). (Doc. 35 at 15-16.) *Walker* addressed Arizona's counterpart to Fed. R. Civ. P. 60(b)(1), allowing for relief based on "excusable neglect." Finfrock does not argue she is entitled to relief under Rule 60(b)(1), making *Walker*'s discussion regarding illness establishing "excusable neglect" irrelevant.

- 4 -

health—had failed to participate in the case. 519 F. Supp. 2d at 1219. When the plaintiff sought relief under Rule 60(b)(6), she explained that while the case was still pending, she had attempted to phone her counsel "on several occasions, tried to obtain [counsel's] home telephone number, drove by [counsel's] office, and spoke with [counsel] at church." *Id.* at 1225. The court found those actions and others qualified as sufficient diligence and when combined with the counsel's illness, the plaintiff was entitled to relief. *Id.*

Similarly, in *Rodriguez v. Best Candle*, No. 04-20932-CIV, 2006 WL 8433130, at *1 (S.D. Fla. Feb. 7, 2006), the case had been dismissed because the plaintiff's counsel had not participated due to being "gravely ill." While the case was pending, the plaintiff made numerous phone calls to his counsel's office and received "reassurances . . . that the case was moving along and that he would be called if his assistance was needed." *Id.* at *4. In the circumstances of that case, the attorney's illness and the plaintiff's "reasonable efforts at keeping tabs on his case" led the court to grant Rule 60(b)(6) relief. *Id.*

Finally, in *Dickens v. Pepperidge Farm Inc.*, No. 8:19-CV-2529-TPB-AEP, 2021 WL 2814903, at *1 (M.D. Fla. Feb. 12, 2021), the plaintiff's counsel had failed to file an amended complaint when it was due because counsel's "life was literally falling apart." In later seeking relief, the plaintiff explained that after being unable to reach her counsel, she twice "telephone[d] the Court's chambers to advise that she could not reach her attorney and she was concerned about [an upcoming] deadline." *Id.* The plaintiff also "personally appeared" at a hearing "to inform the Court that she had not been able to communicate with her counsel." *Id.* at *1. The court concluded these acts established plaintiff had "acted diligently." *Id.* at *2. That diligence combined with counsel's illness meant the plaintiff was entitled to relief.

Setting aside that Goar's illness likely did not approach the level of incapacitation described in any of these cases, Finfrock did not present any evidence of her personal diligence in pursuing her claims. There is no evidence Finfrock monitored this case or Goar's activities at any time from when the case was filed in March 2023 through its dismissal in November 2024. Under the approach used in the Florida cases on which

Finfrock relies, Goar's near-incapacitation is not enough.[3] Finfrock needed to establish she was diligent, and she has not done so.

As for Finfrock's reliance on district courts in New York and a Second Circuit opinion, two of the district court orders stated relief depended on the plaintiff making a showing of personal diligence. Those orders do not aid Finfrock for the same reasons the orders from Florida do not help her. *Prince of Peace Enters., Inc. v. Top Quality Food Mkt., LLC*, No. 07-CV-0349 LAP FM, 2012 WL 4471267, at *7 (S.D.N.Y. Sept. 21, 2012); *Alvarado v. Manhattan Worker Career Ctr.*, No. 01 CIV. 9288 (CBM), 2003 WL 22462032, at *3 (S.D.N.Y. Oct. 30, 2003). The remaining district court order from New York, and the opinion from the Second Circuit, apply a "gross negligence" standard that Finfrock has explicitly disclaimed. *Amorosi v. Comp USA*, No. 01-CV-4242 KMK, 2005 WL 66605, at *4 (S.D.N.Y. Jan. 12, 2005); *United States v. Cirami*, 563 F.2d 26, 35 (2d Cir. 1977); *see also Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1169 n.9 (9th Cir. 2002) (*Cirami* granted relief based on "gross negligence").

Finfrock's only argument is that attorney illness that does not rise to the level of total incapacitation or "gross negligence" can be a basis for relief under Rule 60(b)(6). Even assuming Finfrock is correct, her own authorities require the plaintiff provide evidence of personal diligence. Finfrock did not submit such evidence, and the record suggests the lack of diligence began long before Goar fell ill.[4] Finfrock has not shown "extraordinary circumstances" justifying relief from judgment under Rule 60(b)(6). Finfrock's motion to reopen this case is denied.

---

[3] To the extent Finfrock may be arguing an attorney's total incapacitation alone could establish extraordinary circumstances, she has not shown that Goar's illness meets that standard. The October 3 Pima County complaint shows that Goar was able to work after October 1 when the court issued its order warning dismissal could be appropriate if Finfrock did not start prosecuting her case or participating in discovery. (Doc. 27.) Goar reported he was able to work 39.5 hours between October 1 and March 31, but did not specify when within that timeframe he worked those hours or why he did not devote them (at least in part) to Finfrock's case.

[4] Months before his illness, Goar failed to conduct discovery to support Finfrock's claims and refused to respond to YRMC's discovery requests. When he eventually responded to some of the discovery requests—again, before he fell ill—the responses were incomplete. There is no argument from Finfrock that Goar's behavior at that point should not be chargeable to her, meaning Finfrock was not diligent even before Goar's illness.

Accordingly,

**IT IS ORDERED** Finfrock's motion to reopen the case (Doc. 35) is **DENIED**.

Dated this 28th day of August, 2025.

Honorable Krissa M. Lanham
United States District Judge